UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY BRAXTON,

    *Plaintiff*,

v.

UNITED STATES OF AMERICA,

    *Defendant*.

Civil Action No. 23-2474 (LLA)

# ORDER

Pending before the court are pro se plaintiff Anthony Braxton's requests for entry of a default, ECF Nos. 17 & 21, and his motion for a preliminary injunction, ECF No. 22. The court denies both motions.

## I.  Discussion

### A.  Requests for a Default

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After the clerk's entry of default, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Because "strong policies favor resolution of disputes on their merits," the court "normally" must view the default judgment as "available only when the adversary process has been halted because of an essentially unresponsive party." *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980) (quoting *H. F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970) (per curiam)).

In his requests for a default, Mr. Braxton contends that the United States failed to timely file a response to his complaint. ECF No. 17, 21. Because the United States was served on November 13, 2023, ECF No. 14, its initial deadline to respond to Mr. Braxton's complaint was January 12, 2024. On January 9, 2024, the United States sought an extension of time until February 20, 2024 to respond to Mr. Braxton's complaint, ECF No. 16, which the court granted later that day. 1/09/2024 Minute Order. Mr. Braxton's first request for a default, ECF No. 17, was filed on January 29, 2024—well before the time for the United States to respond had expired. It is thus premature and will be denied.

On February 20, 2024, the United States timely filed a motion to dismiss Mr. Braxton's complaint. ECF No. 19. The court, in turn, ordered Mr. Braxton to respond to the motion to dismiss by March 21, 2024. ECF No. 20. When a motion to dismiss is filed, it tolls the time for the defendant to file an answer to the complaint until fourteen day after the court rules on the motion. Fed. R. Civ. P. 12(a)(4)(A). Because the United States is actively defending itself against Mr. Braxton's claim through a motion to dismiss, it has not "failed to plead or otherwise defend" under Rule 55(a). Accordingly, Mr. Braxton's second request for a default must be denied.

**B.     Requests for a Preliminary Injunction and the Appointment of Counsel**

Mr. Braxton seeks a preliminary injunction to be transferred out of the D.C. Jail and its Correctional Treatment Facility ("CTF") while awaiting trial in the Superior Court of the District of Columbia and to direct the D.C. Child and Family Services Agency to conduct safety checks on his son. ECF No. 22, at 1. He also asks this court to appoint him standby counsel in his upcoming trial in the Superior Court. ECF No. 22, at 1. As a basis for the requested relief, Mr. Braxton contends that D.C. Jail personnel are mistreating him in retaliation for his litigation in federal and local court. ECF No. 22, at 1-2.

"[A] preliminary injunction is an extraordinary and drastic remedy . . . that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original) (internal quotation marks omitted); *see Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011). And "[a] preliminary injunction that would change the status quo is an even more extraordinary remedy." *Abdullah v. Bush*, 945 F. Supp. 2d 64, 67 (D.D.C. 2013), *aff'd sub nom. Abdullah v. Obama*, 753 F.3d 193 (D.C. Cir. 2014). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

This court cannot award Mr. Braxton a preliminary injunction because the relief he seeks is from non-parties to this case. Mr. Braxton brought this suit alleging misconduct by an Assistant United States Attorney, and the United States is the only defendant. ECF No. 1-1, at 1. The injunctive relief Mr. Braxton seeks is from the District of Columbia government, not the United States government. Specifically, the D.C. Department of Corrections controls the D.C. Jail and CTF; the D.C. Child and Family Services Agency conducts welfare checks; and the Superior Court of the District of Columbia handles the appointment of counsel in cases in that court. Because this court "is powerless to issue an injunction against non-parties," *Hamilton v. Transp. Sec. Agency*, 240 F. Supp. 3d 203, 205 (D.D.C. 2016) (internal quotation marks omitted), Mr. Braxton's request for a preliminary injunction is denied.

## II.   Conclusion

For the foregoing reasons, Mr. Braxton's requests for entry of a default, ECF Nos. 17 & 21, and his motion for a preliminary injunction, ECF No. 22, are **DENIED**.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: March 7, 2024