# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ANTHONY BRAXTON,

*Plaintiff*,

v.

UNITED STATES OF AMERICA,

*Defendant*.

Civil Action No. 23-2474 (LLA)

## <u>MEMORANDUM OPINION</u>

This matter is before the court on Defendant United States' Motion to Dismiss.  ECF No. 19.  For the reasons explained below, the court will grant the motion and dismiss pro se plaintiff Anthony Braxton's complaint for lack of subject-matter jurisdiction.  In light of that dismissal, the court will deny as moot Mr. Braxton's Motion for Preliminary Injunction and Appointment of Counsel, ECF No. 26, his Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 29, his Emergency Motion for a Preliminary Injunction, ECF No. 30, his Motion to Expedite, ECF No. 31, and his Motion for Emergency Order, ECF No. 34.  Because the court has docketed ECF Nos. 32 and 33 as surreplies,[1] the court will deny as moot Mr. Braxton's Motion for an Extension of Time to file a surreply, ECF No. 27.

---

[1] On April 10, 2024, Mr. Braxton sought leave to file two documents titled "Plaintiff's Amended Complaint" and "Addendum to Plaintiff's Request to Amend Complaint."  ECF Nos. 32, 33.  Despite their titles, these appear to be surreplies because, in each, Mr. Braxton continues to litigate the government's motion to dismiss.  *See* ECF No. 32, at 1 ("I do not wish to change anything in my initial complaint.  I only ask that the issues I've raised in my previous response to the defendant's motion to dismiss and those that are address[ed] in my Request to Amend Complaint be included."); ECF No. 33, at 1 ("I [did not] exhaust[] the FTCA Administration remedies to the specific extent the defendant is referring to is because I was prevented from doing so by the defendant's co-conspirators.").  While surreplies are "generally

## I.      Factual Background and Procedural History

In 2023, Mr. Braxton was convicted in the Superior Court of the District of Columbia of eighteen counts, including assault with intent to kill while armed, aggravated assault while armed, kidnapping, and stalking.   He was sentenced to a total term of imprisonment exceeding twenty-three years.  *See* 2017-CF1-18884, Amended Judgment in a Criminal Case.[2]  Mr. Braxton has appealed his case to the D.C. Court of Appeals.  *See Braxton v. United States*, No. 23-CF-738 (D.C.).

Thereafter, proceeding pro se, Mr. Braxton brought this civil action against Dana Joseph, an Assistant United States Attorney ("AUSA") in his criminal case.  ECF No. 1-1.  He alleges that AUSA Joesph "withheld evidence and allowed evidence to be destroyed to fabricate a case against [him]," which "led to [him] being wrongfully detained and convicted," "harassed and abused by the court and St. Elizabeths Hospital," and being "deprived of [his] freedom and ability to care for [himself] and [his] son."  ECF No. 1-1, at 1-2.  Mr. Braxton agrees that these are claims for "false arrest" or "malicious prosecution," *see* ECF No. 24, at 2, and, as relief, he seeks $20,000,000 in damages, ECF No. 1-1, at 5.

Mr. Braxton initially filed his civil complaint in Superior Court, *see* ECF No. 1-1, but the United States removed the case and filed a notice substituting itself for AUSA Joseph pursuant to the Westfall Act, ECF No. 1-2, at 1.   Under the Westfall Act, the United States certified that AUSA Joseph "was acting within the scope of her employment as an employee of the United States

---

disfavored," *Kifafi v. Hilton Hotels Ret. Plan*, 736 F. Supp. 2d 64, 69 (D.D.C. 2010), in light of Mr. Braxton's pro se status, the court allowed these two filings to be docketed as surreplies.

If Mr. Braxton was seeking to amend his complaint through ECF Nos. 32 and 33, the court denies leave to amend because the document titled "Plaintiff's Amended Complaint," ECF No. 32, does not comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

[2] *Available at* https://perma.cc/KN5D-GLGP.

of America at the time of the alleged incidents." ECF No. 1-2, at 1 (citing 28 U.S.C. § 2679(d)(2)). The United States then moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 19. After the court advised Mr. Braxton of his obligations under the Federal Rules of Civil Procedure and this court's local rules to file an opposition, ECF No. 20, Mr. Braxton timely filed an opposition, ECF No. 24. The United States timely filed a reply, ECF No. 25, and Mr. Braxton filed two documents which the court has construed as surreplies, ECF Nos. 32 and 33.

## II.    Legal Standards

The United States moves to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6). ECF No. 19. The court will focus on Rule 12(b)(1) because it concludes that it lacks jurisdiction over the matter. *See Anderson v. Carter*, 802 F.3d 4, 8 (D.C. Cir. 2015) (explaining that the court cannot reach the merits of a case in the absence of jurisdiction).

When considering a motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When the plaintiff is pro se, as Mr. Braxton is here, the court will "liberally construe[]" his filings. *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see id.* ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Estelle*, 429 U.S. at 106)). In assessing whether dismissal is warranted, a court considers all of a pro se litigant's filings, including attachments and any opposition filed. *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 151-52 (D.C. Cir. 2015).

Dismissal for lack of subject-matter jurisdiction under Rule 12(b)(1) is appropriate if a claim is barred by sovereign immunity. *See Johnson v. Manzo*, No. 18-CV-2608, 2019 WL

1470991, at *2 (D.D.C. Apr. 2, 2019). "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). "[T]he court will not hold the United States has waived its sovereign immunity unless the waiver is 'unequivocally expressed' in an Act of Congress." *Rochon v. Gonzales*, 438 F.3d 1211, 1215 (D.C. Cir. 2006) (quoting *Hubbard v. EPA*, 982 F.2d 531, 532 (D.C. Cir. 1992)).

Dismissal for lack of subject-matter jurisdiction is also warranted when a plaintiff fails to exhaust administrative remedies that serve as a jurisdictional prerequisite to bringing suit. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675 *et seq.*, "requires that a claimant present his claim to the appropriate federal agency prior to filing a civil action in a federal district court," *Davis v. United States*, 944 F. Supp. 2d 36, 38 (D.D.C. 2013).

### III.    Discussion

Mr. Braxton does not dispute that the United States properly substituted itself in as the defendant in this case. ECF No. 24, at 5 ("It remains that the United States is now the proper defendant."). The central question for the court, then, is whether the United States has waived sovereign immunity for the common-law torts of false arrest and malicious prosecution. The court concludes that the United States has not waived sovereign immunity for these claims as they apply to AUSA Joseph and, accordingly, it will dismiss the case for lack of subject-matter jurisdiction.

Under the doctrine of sovereign immunity, the United States is immune from suit unless Congress expressly has waived the defense of sovereign immunity by statute. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA is a broad waiver of the United States' immunity for a range of common-law torts, 28 U.S.C. § 2674, but it has significant exceptions, *see id.* § 2680. As

applicable here, the FTCA does not waive sovereign immunity for "[a]ny claim arising out of . . . false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, [or] misrepresentation" unless such tort was committed by "investigative or law enforcement officers of the United States Government." *Id.* § 2680(h). The subsection goes on to define an "investigative or law enforcement officer" as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

Notwithstanding Mr. Braxton's assertion to the contrary, ECF No. 24, at 5-6, federal prosecutors like AUSA Joseph are not "investigative or law enforcement officers" under the FTCA. *See, e.g.*, *Hobley v. United States*, No. 07-CV-253, 2007 WL 1821157, at *3 (D.D.C. June 25, 2007) (explaining that "federal prosecutors, including assistant United States attorneys, are generally not considered 'investigative or law enforcement officers'" and citing cases). Accordingly, Mr. Braxton's claims for false arrest and malicious prosecution are barred by sovereign immunity and must be dismissed.

Mr. Braxton's complaint also suffers from a separate jurisdictional defect: his failure to exhaust administrative remedies. "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a plaintiff's "fail[ure] to heed that clear statutory command" warrants dismissal of his complaint. *McNeil*, 508 U.S. at 113. Mr. Braxton concedes that he did not exhaust his administrative remedies but asks the court to "not make [him] responsible for exhausting administrative remedies [he] never intended to use [or] that

5

[he] never knew were available."[3]  ECF No. 24, at 7.  While Mr. Braxton insists that he did not intend to file a suit under the FTCA, that is the primary mechanism for seeking money damages for alleged torts committed by an AUSA.  Because exhaustion under the FTCA is mandatory and jurisdictional, the court must dismiss Mr. Braxton's claims regardless of his knowledge of the FTCA's exhaustion requirement.

## IV.    Conclusion

For the foregoing reasons, the court will issue a contemporaneous order granting the United States' Motion to Dismiss, ECF No. 19; dismissing this action without prejudice; and denying as moot Mr. Braxton's Motion for Preliminary Injunction and Appointment of Counsel, ECF No. 26, his Motion for an Extension of Time, ECF No. 27, his Motion for Leave to Proceed *In Forma Pauperis*, ECF No. 29, his Emergency Motion for a Preliminary Injunction, ECF No. 30, his Motion to Expedite, ECF No. 31, and his Motion for Emergency Order, ECF No. 34.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: July 31, 2024

---

[3] Mr. Braxton argues for the first time in his surreply that he was "prevented from [exhausting his remedies] by the defendant's co-conspirators [as he] was denied law library services." ECF No. 33, at 1.  Arguments raised in a surreply come too late.  *See Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006).  But even if Mr. Braxton had raised this claim in his initial opposition, it would not excuse his failure to exhaust because "[t]he only recognized exceptions to the exhaustion requirement are where administrative remedies are inadequate or where irreparable injury would result absent immediate judicial review."  *Bannum, Inc. v. Samuels*, 221 F. Supp. 3d 74, 86 (D.D.C. 2016), *aff'd*, No. 16-5353, 2018 WL 11413157 (D.C. Cir. Feb. 15, 2018) (citing *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 108 (D.C. Cir. 1986)).